**No. 41088.**—Protests 924887–G, etc., of E. B. Baehr & Sons et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel thermometers the same as those passed upon in Abstract 39852 were held dutiable as household utensils at 40 percent under paragraph 339. Aneroid barometers like those the subject of *United States* v. *Oppleman* (25 C. C. P. A. 168, T. D. 49271) were held dutiable at 27½ percent under paragraph 372 as claimed.

**No. 41089.**—Protests 930321–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 38680 marcel irons and metal banks were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 41090.**—Protests 950172–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *Rice* v. *United States* (T. D. 49373) and Abstract 38680 the atomizers and marcel irons in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 41091.**—Protests 956629–G, etc., of Baron & Arnof, Inc., et al. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of inkwells, bookends, calendars, and candelabra, chiefly used in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445) and *Dow* v. *United States* (id. 282, T. D. 46816) cited.

**No. 41092.**—Protest 984971–G of A. W. Faber, Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark. On the authority of *United States* v. *Favor* (24 C. C. P. A. 399, T. D. 48854) the claim at 50 cents per gross and 25 percent ad valorem under paragraph 1549 (a) was sustained.

**No. 41093.**—Protest 983790–G of A. W. Faber, Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark. On the authority of *United States* v. *Favor* (24 C. C. P. A. 399, T. D. 48854) the claim at 50 cents per gross and 25 percent ad valorem under paragraph 1549 (a) was sustained.

**No. 41094.—**Protest 973688–G of L. Oppleman, Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *Laszlo* v. *United States* (C. D. 47) the pistols and parts in question were held dutiable at 27½ percent under paragraph 372 as claimed.

**No. 41095.—**Protests 781458–G (B), etc., of H. B. A. Steel Co. et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 41096.—**Protests 968659–G, etc., of Carl Zeiss, Inc., et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, APRIL 21, 1939

**No. 41097.—**Protest 959353–G of Butler Bros. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of tennis rackets similar to those the subject of *Woolworth* v. *United States* (T. D. 48573). The claim at 30 percent under paragraph 1502 was therefore sustained.

**No. 41098.—**Protests 970430–G, etc., of Wm. Shaland (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of metal flutes similar to those the subject of Abstract 40185. The claim at 45 percent under paragraph 397 was therefore sustained.

**No. 41099.—**Protest 951022–G of Dan Brechner & Co. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel puzzles, in chief value of paper the same as those the subject of Abstract 25607 were held dutiable at 35 percent under paragraph 1413 as claimed.

**No. 41100.—**Protest 813507–G of Mogi, Momonoi & Co., Inc. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of figures in chief value of plaster of paris similar to those the subject of *United States* v. *Okuda* (23 C. C. P. A. 46, T. D. 47713). The claim at 35 percent under paragraph 205 was therefore sustained.